1  YURI MIKULKA (State Bar No. 185926)
   MARTHA S. DOTY (State Bar No. 143287)
2  KAITLIN H. OWEN (State Bar No. 305653)
   ALSTON & BIRD LLP
3  350 South Grand Avenue, 51st Floor
   Los Angeles, CA 90071
4  Telephone:  213-576-1000
   Facsimile:   213-576-1100
5  Email:  yuri.mikulka@alston.com
           martha.doty@alston.com
6           kaitlin.owen@alston.com

7  Attorneys for Defendant
   HEARX WEST LLC D/B/A HEARUSA
8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 JUSTIN ROMPREY, on behalf of others      Case No.   **'24CV2438 AJB  BJC**
   similarly situated,
13                                          [Removal from the Superior Court of the
            Plaintiff,                      State of California, County of San Diego,
14                                          Case No. 24CU02514C]
        v.
15                                          **DEFENDANT HEARX WEST LLC**
   HEARX WEST LLC D/B/A HEARUSA            **D/B/A HEARUSA'S NOTICE OF**
16 and DOES 1 through 50, inclusive,       **REMOVAL OF ACTION TO**
                                           **UNITED STATES DISTRICT**
17          Defendant.                      **COURT**

18                                          [Filed concurrently with Declarations of
                                            Martha S. Doty, Carrie Mitton, and Jack
19                                          Williams; and Civil Cover Sheet]

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant HearX West LLC d/b/a HEARUSA ("Defendant") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA") and authorized by 28 U.S.C. § 1453, the action entitled *Justin Romprey, et al. v. HearX West LLC, et al.*, originally filed in the Superior Court of the State of California, County of San Diego (Case No. 24CU02514C) (the "State Court Action").

Pursuant to the facts set forth in this Notice of Removal (the "Notice"), this Court has jurisdiction under CAFA which vests jurisdiction for class actions in federal court when there is minimal diversity and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). The grounds for removal are set forth herein.

## I.    BACKGROUND

1.    On or about November 26, 2024, Plaintiff Justin Romprey ("Plaintiff") commenced the State Court Action, alleging causes of action on a class basis for (1) Minimum Wage Violations; (2) Failure to Pay All Overtime Wages; (3) Meal Period Violations; (4) Rest Period Violations; (5) Paid Sick Leave Violations; (6) Unpaid Vacation Wages; (7) Untimely Payment of Wages; (8) Wage Statement Violations; (9) Waiting Time Penalties; (10) Failure to Reimburse Business Expenses; and (11) Unfair Competition. [Declaration of Martha S. Doty ("Doty Decl.") ¶ 2; Ex. A.] In the Complaint, Plaintiff seeks compensatory damages, including unpaid wages and pre-judgment interest. [*Id.* (Prayer for Relief).] With respect to Plaintiff's Eleventh Cause of Action for Unfair Competition, he seeks restitution of unpaid wages and pre-judgment interest, attorneys' fees and costs, and injunctive relief. [*Id.* at ¶¶ 92-94.]

2.    On November 27, 2024, Plaintiff served Defendant's registered agent. [*Id.* ¶ 3; Ex. B.] On December 19, 2024, Defendant filed an Answer in the State Court Action. [*Id.* ¶ 4; Ex. C.]

3.     The Complaint seeks to certify a class of employees which consist of "[a]ll current and former non-exempt employees who worked for Defendants [sic] in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through the date of class certification." [*Id*. ¶ 2; Ex. A, ¶ 19a.] Based on Plaintiff's class definition in the Complaint, the liability period begins on June 1, 2020 (178 days prior to November 26, 2020) and extends through the present. [*Id*.]

4.     Plaintiff's Eleventh cause of Action for Unfair Competition is based on "unfair and/or unlawful business practices in the State of California in Violation of Business & Professions Code § 17200." [*Id*. ¶ 90.] The statute of limitations for Plaintiff's Eleventh Cause of Action is four years. *See* Cal. Bus. & Prof. Code § 17208. Plaintiff alleges that Defendant has violated section 17200 on the following grounds:

> Defendants' [sic] dependence on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants [sic] over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws.

[*Id*. ¶ 91.]  Accordingly, for purposes of the calculations of this Notice, the "relevant time period" is June 1, 2020 to the present as it starts "four years (plus the additional 178-day statutory tolling period under Emergency Rule 9)" from the filing of the initial Complaint in the State Court Action. [*Id*. ¶ 19a.]

## II.    TIMELINESS OF REMOVAL

5.     The time for filing a removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-

48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint.").

6.    This Notice is timely filed because it is filed within thirty (30) days of service of the Summons and Complaint on Defendant, which was served on November 27, 204. [*Id*. ¶ 3; Ex. B.] Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendant's deadline to remove the State Court Action is December 27, 2024.

7.    DOES 1 through 50 have not been named or served and need not consent to this Notice. *See Soliman v. Philip Morris, Inc*., 311 F.3d 966, 971 (9th Cir. 2002).

## III.    THIS COURT HAS JURISDICTION UNDER CAFA

8.    Defendant removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332(d)(2).

9.    Signed into law on February 1, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions.  CAFA vests original jurisdiction for class actions in federal court when there is minimal diversity and the amount in controversy exceeds $5,000,000.00. 28 U.S.C. § 1332(d). CAFA's requirements are satisfied here, as set forth below:

### A.    Class Action

10.    The State Court Action is a class action as defined by CAFA.  According to CAFA:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action….

28 U.S.C. § 1332(d)(1)(B).

11.    The State Court Action is a putative class action within the meaning of CAFA because the Complaint seeks certification of a class under California's analog to Rule 23 (*i.e.*, California Code of Civil Procedure section 382). *See* 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a).  Defendant denies, however, that this case can be certified

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.

as a class action and expressly reserves its right to oppose any motion for class certification filed in this action.

12.    Plaintiff's Complaint alleges a putative class action on behalf of himself and a proposed class defined as "[a]ll current and former non-exempt employees who worked for Defendants [sic] in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through the date of class certification." [*Id*. ¶ 2; Ex. A, ¶ 19a.]

**B.    Removal Under CAFA**

13.    CAFA provides that a class action against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendants; and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs. 28 U.S.C. § 1332(d), (d)(5), and § 1453(b). These requirements are met here.

**1.    The Number of Proposed Class Members Is At Least 100.**

14.    First, numerosity is satisfied. From June 1, 2020 through the present, Defendant has employed, in the aggregate, more than 100 current and former non-exempt employees in California. [Declaration of Carrie Mitton ("Mitton Decl.") ¶ 9.] The jurisdictional minimum is therefore satisfied.

**2.    Diversity of Citizenship Under CAFA.**

15.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A); *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). In the instant case, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of Defendant (which is a citizen of Delaware and Florida). Thus, CAFA's minimal diversity requirement is satisfied.

16.    **Citizenship of Plaintiff**. For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state"). Residence is *prima facie* evidence of domicile.  *See Zavala v. Deutsche Bank Tr. Co. Ams.*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "[i]n the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").  Citizenship is determined by the individual's domicile at the time the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, Nos. 98-17024, 99-15203, 2000 U.S. App. LEXIS 28085, at *4 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed.").

17.    Here, Plaintiff alleges that he "worked for Defendants in California" in the Complaint.  [*Id*. ¶ 2; <u>Ex. A</u>, ¶ 13.]  He also filed the Complaint in the Superior Court of California, County of San Diego, thereby evidencing his intent to remain in California during the duration of this lawsuit.  Accordingly, Plaintiff is a citizen of California.

18.    **Citizenship of Defendant**.  Defendant is and was at the time of the filing of the State Court Action, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1).  For purposes of establishing "minimal diversity" under CAFA 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  *See Ramirez v. Carefusion Res., LLC*, No. 18-cv-2852-BEN-MSB, 2019 U.S. Dist. LEXIS 112995, at * 4-6 (S.D. Cal. July 1, 2019) (citation omitted) (finding that "for purposes of CAFA, [an unincorporated association] is a citizen of the State where it has its principal place of business and the State under whose laws it is organized'"); *Marroquin v. Wells Fargo, LLC*, No. 11cv163-L (BLM), 2011 U.S. Dist. LEXIS 10510, at *2 (S.D. Cal. Feb. 3, 2011) (treating an LLC as an unincorporated association under CAFA); *Lafountain v. Meridian Senior Living, LLC*,

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.

No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist. LEXIS 84134, at *5, n.2 (C.D. Cal. June 29, 2015) (stating that California district courts have determined the citizenship of an LLC for purposes of CAFA like a corporation, by assessing its place of incorporation and principal place of business); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (alteration in original) citation omitted) ("§ 1332(d)(10) . . . departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members . . . ."); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009).

19. Here, Defendant was organized in Delaware. [Mitton Decl. ¶ 5.] Defendant also has its principal place of business in Palm Beach Gardens, Florida, where its high-level officers direct, control and coordinate its activities on a day-to-day basis from its corporate office. [*Id*. ¶ 6.] *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2020) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.") Therefore, for purposes of diversity of citizenship, Defendant is, and has been at all times since the State Court Action commenced, a citizen of Delaware and Florida. 28 U.S.C. § 1332(c)(1).

20. **Doe Defendants**. Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman*, 311 F.3d at 971 ("[C]itizenship of fictitious defendants is disregarded for removal purposes and become relevant only if and when plaintiff seeks leave to substitute a named defendant"). Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal. Thus, "DOES 1 through 50" in the Complaint do not deprive this Court of jurisdiction. *Abrego*, 443 F.3d at 679-80.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.

### 3.    CAFA's Amount in Controversy Is Satisfied.[1]

21.    CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000.00.  28 U.S.C. § 1332(d)(2). Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claims of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000.00]." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).[2]

22.    **Preponderance of the Evidence Standard**. Plaintiff's Complaint does not allege the amount in controversy for the class he purports to represent.  When a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum.  *Id.*; *accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("[T]he proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.").  To satisfy this standard, the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924-25 (9th Cir. 2019) (quoting *Dart v. Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89

---

[1] For purposes of this Notice, Defendant assumes the allegations in Plaintiff's Complaint as true solely to demonstrate that the amount in controversy in this matter exceeds $5,000,000.  In doing so, Defendant does not admit that Plaintiff is entitled to these claimed damages and/or penalties or that Plaintiff will be able to recover on any of his theories.

[2] In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  S. Judiciary Comm. Rep., S. Rept. No. 109-14, at 42 (2005), *as reprinted in* U.S.C.C.A.N. 3, 40. The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *Id.*, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

(2014)); *see also Arias*, 936 F.3d at 922 (citation omitted) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm . . . . a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements."). The burden of establishing a jurisdictional threshold "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008) (*quoting McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994)); *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy."). For purposes of removal, "the court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017).

23.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the facts of the complaint." *Valdez*, 372 F.3d at 1117; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to "show by a preponderance of the evidence that the amount in controversy" exceeds the jurisdictional threshold (*quoting De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995))0.

24.    **The Court Must Assume A 100% Violation Rate Based on Plaintiff's Classwide Allegations**. If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *Arreola v. The Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("[C]ourts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each

- 9 -

member of the class will have experienced some type of violation—when 'those assumptions are reasonable in light of the allegations in the complaint.'" (quoting *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *6 (N.D. Cal. June 14, 2013))); *Wheatley v. MasterBrand Cabinets*, No. EDCV 18-2127 JGB, 2019 WL 688209, at *5 & n.7 (C.D. Cal. Feb. 19, 2019) (emphasis added) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations. . . . Plaintiff does not allege that some putative class members were subject to distinct policies. The Court therefore finds the assumption that uniform . . . policies were applied to **all** putative class members reasonable."); *Soratorio v. Tesoro Refin. & Mktg. Co.*, No. CV 17-1554-MWF (RAOx), 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.").

25. **The Amount in Controversy for Plaintiff's Claims in the Complaint Exceeds $5,000,000**. The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.00. Plaintiff's Complaint seeks to certify, and seeks relief on behalf of, "[a]ll current and former non-exempt employees who worked for Defendants in California at any time from **four years** (**plus the additional 178-day statutory tolling period under Emergency Rule 9**) prior to the filing of this action through the date of class certification." [*Id.* ¶ 2; Ex. A, ¶ 19a (emphasis added).] Given that Plaintiff's Complaint was filed on November 26, 2024, for purposes of the calculations in this Notice of Removal, the "relevant time period" is from June 1, 2020 to the present (178 days before November 26, 2024 is June 1, 2024).

26. From June 1, 2020 to the present (the relevant time period identified in the Complaint), Defendant employed approximately 240 current and former non-exempt hourly employees in California, who worked at least 20,852 workweeks. [Mitton Decl. ¶ 9; Declaration of Jack Williams ("Williams Decl.") ¶ 6.] The average hourly rate of pay for these individuals is at least approximately $20.02 from June 1, 2020 through the present. [Williams Decl. ¶ 5.] At the time Defendant removed the State Court Action,

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.

Defendant was readily able to review payroll data through July 2024 for the putative class as defined in the Complaint. Therefore, the figures provided herein are a conservative estimate in that they do not incorporate at least six additional months of payroll data for the putative class from July 2024 through the present.

27. **Off-the-Clock Claim**.  Plaintiff seeks payment for off-the-clock work during his employment with Defendant.  Specifically, he alleges that "Plaintiff and the class members were required to come in earlier than their scheduled hours to prepare for their shift.  Plaintiff and other class members were directed to come in and begin preparatory work at 8:15 a.m. but not clock in until 8:30 a.m." [Doty Decl. ¶ 2; Ex. A, ¶ 25.] Plaintiff further alleges that "Defendants [sic] willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1, and the IWC Wage Orders."  [*Id*. ¶ 47.]

28. As stated above, during the relevant time period identified in the Complaint, Defendant employed approximately 240 non-exempt hourly employees in California, who worked a total of at least 20,852 workweeks. The average hourly rate of pay for these individuals was approximately $20.02 during the proposed class period, so the alleged 15 minutes of off the clock work each day by the class members would be $5.00.  Although Defendant denies that Plaintiff (or any putative class member) is entitled to any alleged wages for off-the-clock work, assuming 15 minutes per day for each putative class member, the amount in controversy would be approximately **$521,300** [(20,852 workweeks) x (5 workdays) x ($5.00 (15 minutes at $20.02/hour)).]

29. **Meal and Rest Period Claims**. Plaintiff seeks payments for alleged denial of or missed or interrupted meal and rest periods.  As to meal period violations, Plaintiff alleges "Defendants [sic] willfully failed in their affirmative obligation to consistently provided Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour [sic] for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.

beginning before the tenth hour of hour of work…" [*Id*. ¶ 55.] Plaintiff further alleges that "Defendants [sic] willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided…" [*Id*. ¶ 56.]  Similarly, for rest periods, Plaintiff alleges "Defendants [sic] willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof)…" [*Id*. ¶ 60.]  Plaintiff further alleges, "Defendants [sic] willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided…" [*Id*. ¶ 61.]

30.    California Labor Code section 226.7(c) provides that if "an employer fails to provide an employee a meal or rest or recovery period in accordance with state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order…the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

31.    Although Defendants deny that Plaintiff (or any putative class member) is entitled to any meal or rest period premium payments, assuming four meal period violations and four rest period violations per workweek for each putative class member, the amount in controversy would be approximately **$3,339,656.32** [(20,852 workweeks) x 8 hours (4 meal period premiums and 4 rest period premium payments per workweek) x $20.02 per hour].  Accordingly, the amount in controversy on Plaintiff's meal and rest period claims is approximately **$3,339,656.32**.

32.    **<u>Waiting Time Penalties</u>**. Plaintiff's Complaint also alleges that Defendants failed to timely pay wages due at termination in violation of California Labor Code sections 201-203.  Plaintiff alleges that "Defendants [sic] willfully failed

- 12 -

1  and continue to fail in their affirmative obligation to pay all wages earned and unpaid
2  to Plaintiff and class members immediately upon termination of employment or within
3  72 hours thereafter for employees who did not provide at least 72 hours prior notice of
4  his or her intention to quit, and further failed to pay those sums for 30 days thereafter
5  in violation of Labor Code sections 201 and 203 and the IWC Wage Orders." [*Id*. ¶ 84.]

6      33.    On these grounds, Plaintiff seeks "waiting time penalties" under California
7  Labor Code section 203, which provides a discharged employee is entitled to penalties
8  of up to 30 days' pay at his or her regular rate of pay.  [*Id*., at ¶ 63.] *See* Cal. Lab. Code
9  § 203(a) ("If an employer willfully fails to pay . . . any wages of an employee who is
10 discharged of who quits, the wages of the employee shall continue as a penalty from the
11 due date thereof at the same rate until paid or until an action therefor is commenced;
12 but the wages shall not continue for more than 30 days.").  The statute of limitations
13 period for Labor Code section 203 penalties extends back three years to June 1, 2021
14 (based on Plaintiff's definition of the class period in the Complaint).  *See Pineda v.*
15 *Bank of Am., N.A.*, 50 Cal.4th 1389, 1399 (2010) ("[I]f an employer failed to timely pay
16 final wages to an employee who quit or was fired, the employee would have had one
17 year to sue for the section 203 penalties but, under Code of Civil Procedure section 338,
18 subdivision (a) (Stats. 1935, ch. 581, § 1, p. 1673), three years to sue for unpaid final
19 wages giving rise to the penalty.").

20     34.    It is reasonable to assume that each employee waited over 30 days for
21 payment of any allegedly unpaid wages.  *See Tajonar v. Echosphere, LLC*, No.
22 14cv2732 (RBB), 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding
23 reasonable the defendant-employer's assumption that each employee was entitled to the
24 maximum thirty-day penalty); *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx),
25 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for
26 [defendant] to assume that each employee would be entitled to the maximum wage
27 penalty—thirty days—for waiting time violations.").  In addition, because Plaintiff does
28 not allege that some (or any) of the class members worked part time, it is reasonable to

- 13 -
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.

assume that each employee worked eight (8) hour shifts. *See Wheatley*, 2019 WL 688209, at *6 ("[I]t is reasonable for Defendant to assume eight-hour shifts.").

35.    During the relevant three-year time period for waiting time penalties, from June 1, 2021 to the present, there were at least 84 non-exempt hourly employees who were terminated from employment with Defendant. [Williams Decl. ⁋ 7.] The average hourly rate of pay for these individuals is at least approximately $20.02 during the relevant three-year period. [*Id.*, ⁋ 5.] Although Defendants dispute liability, the total amount in controversy on Plaintiff's claim for waiting time penalties is **$403,603.20** [($20.02 per hour) x (8 hours/day) x (30 days) x (84 former hourly employees).] Accordingly, the amount in controversy on Plaintiff's claim for waiting time penalties is **$403,603.20**.

36.    **Wage Statement Claim**.  An employee who suffers "injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."). Cal. Lab. Code § 226(e)(1).  An employee is "deemed to suffer injury" if the employer "fails to provide accurate and complete information as required by any one or more of items (1) to (9)." Cal. Lab. Code § 226(e)(2)(B).

37.    Plaintiff alleges that "Defendants [sic] knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members." [Doty Decl. ¶ 2; Ex. A, ¶ 79.] These allegations place every wage statement at issue. Based on Plaintiff's allegations, Defendant can assume that each wage statement was inaccurate.

38.    It is reasonable to assume, for the purposes of this jurisdictional analysis only, that each wage statement provided to a putative class member constitutes one violation. *See Durberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 U.S. Dist. LEXIS 99171, at *7 (C.D. Cal. July 28, 2015) ("[C]ourts have generally

found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice (or other similar language) and where the plaintiff offers no evidence rebutting this violation rate.").

39.    Limiting the claim to the one year period from June 1, 2023 through the present, putative class members received at least 3,960 wage statements. [Williams Decl.¶ 6.]  Limiting the claim to the lower statutory penalty, as opposed to a higher actual damages estimate, and even declining to include the higher "subsequent" penalties, and reasonably assuming for the reasons stated above that each wage statement constitutes a violation, the claim places in controversy at least **$198,000** [3,960 pay periods x $50].

40.    **Unreimbursed Business Expenses**.    An employer is obligated to indemnify its employee for reasonable and necessary business expenses.  Cal. Lab. Code § 2802(a) ("An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.").

41.    Plaintiff alleges that "Defendants [sic] willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment…" [Doty Decl. ¶ 2; Ex. A, ¶ 87.] Based on Plaintiff's allegations, it is reasonable to assume, for purposes of this jurisdictional analysis only, that each putative class member incurred similar expenses each workweek.  *See Shachno v. Marriott Int'l, Inc.*, No. 22-CV-1215 TWR (JLB), 2023 U.S. Dist. LEXIS 9754, at *34-35 (S.D. Cal. Jan. 19, 2023) (accepting a 100% failure to reimbursed rate, "[t]he Complaint does in fact allege that Defendant denied reimbursement . . . as a matter of 'policy and practice.'. . . Based on the language in Plaintiff's Complaint here, Defendant's estimate is reasonable.").

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.

42.    Limiting the claim to the period four years prior to the filing of Plaintiff's Complaint to just before this removal, putative class members worked at least 10,426 pay periods. Conservatively assuming each putative class member incurred $10 in expenses per pay period, the claim places in controversy at least **$104,260** [$10 x 10,426 pay periods].

43.    **Attorneys' Fees**. Plaintiff also seeks attorneys' fees in connection with the above claims.  [Doty Decl. ¶ 2; Ex. A (Prayer for Relief).] In the Ninth Circuit, 25% of the total recovery is the "'benchmark' level for reasonable attorney's fees in class action cases." *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorneys' fees for 25% of the total recovery in determining the amount in controversy under CAFA.  *Id*.; *Rwomwijhu v. SMX, LLC*, No. CV 16-08105-AB (PJWX), 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015). Assuming an award of attorneys' fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$1,141,704.88**.

44.    **Approximate Aggregate Amount in Controversy**. Although Defendant denies Plaintiff's allegations that he or the putative class are entitled to any relief for the above-mentioned claims, based on the foregoing calculations, the aggregate amount in controversy for the putative class for just **six of the eleven** asserted claims in the Complaint, plus attorneys' fees, is approximately **$5,708,524.40**.  Significantly, the calculation set forth above does not include Defendant's alleged unpaid overtime in violation of Labor Code sections 510, 1994, and 1998 as alleged in the Second Cause of Action; alleged paid sick leave violations as alleged in the Fifth Cause of Action; alleged unpaid vacation wages as alleged in the Sixth Cause of Action; and alleged untimely payment of wages as alleged in the Seventh Cause of Action.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.

45.     Defendant reserves the right to present additional evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied.  *See Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof").  "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d 920 at 924.

## IV.   VENUE IS PROPER IN THIS COURT

46.     Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the State Court Action is pending.  The Superior Court for the State of California, County of San Diego is within the Southern District of California.  28 U.S.C. § 84(a).  Therefore, venue is proper in this Court because it is the district and division embracing the place where the State Court Action is pending. 28 U.S.C. § 1441(a).

## V.    DEFENDANTS SATISFIED ALL PROCEDURAL REQUIREMENTS

47.     No previous application has been made for the relief requested herein.

48.     Under 28 U.S.C. § 1446(a), this Notice is accompanied by the Declaration of Martha S. Doty and **Exhibits A** to **C**, which constitute a copy of all processes, pleadings, and orders provided to Defendant in the State Court Action.

49.     As required by 28 U.S.C. § 1446(d), Defendant will provide Notice of Removal to Plaintiff through his attorneys of record.

50.     As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court for the State of California, County of San Diego.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.

## VI.    **CONCLUSION**

51.    For the foregoing reasons, Defendant removes this putative class action to the United States District Court for the Southern District of California.


DATED:  December 23, 2024          YURI MIKULKA
                                   MARTHA S. DOTY
                                   KAITLIN H. OWEN
                                   **ALSTON & BIRD LLP**


                                   */s/ Martha S. Doty*
                                   Martha S. Doty

                                   Attorneys for Defendant
                                   HEARX WEST LLC D/B/A HEARUSA

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
                                                      Case No.

# CERTIFICATE OF SERVICE

I, Martha S. Doty, certify and declare as follow:

1.    I am over the age of 18 and not a party to this action.

2.    My business address is 350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071.

3.    On December 23, 2024, I caused a copy of **DEFENDANT HEARX WEST LLC D/B/A HEARUSA'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441(B) (DIVERSITY)** to be served upon the following counsel in the manner described below:

Participants in the case who are registered CM/ECF users will be served by the Southern District CM/ECF system.

**<u>Via E-Mail and U.S. Mail:</u>**

| | |
|---|---|
| Nicholas J. Ferraro, Esq.<br>Lauren N. Vega, Esq.<br>Xavier L. Woodford, Esq.<br>FERRARO VEGA EMPLOYMENT LAWYERS, INC.<br>3333 Camino del Rio South, Suite 300<br>San Diego, California 92108<br>Tel: (619) 693-7727 / Fax: (619) 685-6855<br>Email: nick@ferrarovega.com<br>        lauren@ferrarovega.com<br>        xavier@@ferrarovega.com | Attorneys for Plaintiff<br>JUSTIN ROMPREY |

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.  Executed on December 13, 2024, at Los Angeles, California.

*/s/  Martha S. Doty*
Attorneys for Defendant
HEARX WEST LLC D/B/A HEARUSA

- 19 -
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT
Case No.